1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAYMUNDO SALDANA, et al.,

Plaintiffs,

v.

BANK OF AMERICA, NATIONAL
ASSOCIATION, et al.,

Defendants.

Case No.  15-cv-01161-JD

**ORDER GRANTING MOTION TO
DISMISS**

Re: Dkt. No. 6

Plaintiffs Raymundo Saldana, Joe Ruiz and Luz Ruiz ask this Court for declaratory and injunctive relief, and to order the specific performance of an alleged "short sale" contract between them and defendant Bank of America National Association ("Bank of America").[1]  Bank of America has moved to dismiss this action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiffs' complaint is completely devoid of any independent cause of action.  The plaintiffs filed no opposition and the Court grants the motion.

## BACKGROUND

As alleged in the complaint, on November 15, 2005, Plaintiff Raymundo Saldana obtained a loan from America's Wholesale Lender for $825,000. Dkt. No. 1-2, Ex. A ¶¶ 1, 11.  The loan is secured by a deed of trust on real property in Oakley, California, and Bank of America National Association ("Bank of America") is the current beneficiary of the deed. *Id.* ¶¶ 1, 3, 12.  Saldana took out a second loan for $165,000, which is secured by a deed of trust on the same property.  *Id.*

[1] Defendants also include National Default Servicing Corporation, Portfolio Servicing, Inc. and Mortgage Electronic Registration Systems, Inc.  Dkt. No. 1-2 at 2.  For purposes of this motion, the court will refer only to defendant Bank of America.

1    ¶¶ 13-14.  The complaint suggests that Bank of America is also the beneficiary of that deed, but

2    that is only vaguely alleged.  *Id.* ¶¶ 28-29.

3            In 2007 and 2008, Saldana suffered "business losses which made it impossible for him to

4    maintain payments on the loans he received."  *Id.* ¶ 30.  A notice of default was recorded on April

5    29, 2008, which indicated that Bank of America intended to sell the property to satisfy Saldana's

6    loan obligations.  Dkt. No. 6 at 1.  Saldana tried to "seek relief through a 'short sale,' which would

7    involve [Bank of America's] consent."  Dkt. No. 1-2, Ex. A ¶ 30.  At that time, Saldana believed

8    that the fair market value of the property was $252,000; Joe and Luz Ruiz, also plaintiffs in this

9    action, agreed to take over the obligation for the remaining loan, subject to a $252,000 price.  *Id.*

10   ¶¶ 2, 31.  After negotiations with Bank of America, who determined that the $252,000 price was

11   insufficient, the Ruiz's agreed to pay $258,000.  *Id.* ¶ 32.  Bank of America then sent out a letter,

12   "which was electronically signed by Eric Maza of [Bank of America's] Home Loan Team,

13   confirming the agreement and arranging for payment of the said $258,800."  *Id.* ¶ 32.

14           The complaint alleges that Bank of America then backed out of the sale agreement

15   because, according to the bank, it "had neglected to consider the satisfaction of [Saldana's] second

16   loan in their negotiations."  *Id.* ¶ 33.  Plaintiffs now seek declaratory and injunctive relief, as well

17   as specific performance of the short sale.  *Id.* ¶¶ 22, 25, 34.  Defendant Bank of America has

18   moved to dismiss plaintiffs' complaint in its entirety for failure to state any substantive claim.

19   Dkt. No. 6.  Plaintiffs did not file an opposition to the motion.

## DISCUSSION

21           A Rule 12(b)(6) motion to dismiss "can be based on the lack of a cognizable legal theory

22   or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica*

23   *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted).  To avoid dismissal, the

24   plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl.*

25   *Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the pleaded

26   factual content allows the court to draw the reasonable inference that the defendant is liable for the

27   misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly* at 556).  In

28   evaluating a motion to dismiss, the Court must assume that the plaintiff's allegations are true and

1    must draw all reasonable inferences in his or her favor.  *Usher v. City of Los Angeles*, 828 F.2d

2    556, 561 (9th Cir. 1987).  However, the Court need not "accept as true allegations that are merely

3    conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec.*

4    *Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  When the Court dismisses a complaint, it "should

5    grant leave to amend even if no request to amend the pleading was made, unless it determines that

6    the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203

7    F.3d 1122, 1130 (9th Cir. 2000) (internal quotation marks and citation omitted).

8            Plaintiffs ask for declaratory relief, injunctive relief and specific performance relating to a

9    failed agreement to conduct a short sale of Saldana's property.  Dkt. No. 1-2, Ex A ¶¶ 22, 25, 34

10   (asking for (1) a "judicial determination and declaration of Plaintiffs' and Defendant [Bank of

11   America's] respective rights and duties"; (2) an injunction enjoining the sale of the real property at

12   issue; and (3) a "decree of specific performance requiring conveyance of the Real Property to

13   Plaintiffs Ruiz for the agreed purchase price of $258,000.").  But these are remedies, not claims.

14   *See Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010)

15   ("Declaratory and injunctive relief are not causes of action; rather, they are remedies.") (citation

16   omitted); *see also Harara v. ConocoPhillips Co.*, 377 F. Supp. 2d 779, 796 n.20 (N.D. Cal. 2005)

17   ("Specific performance is a form of contractual relief, not an independent claim.").  Plaintiffs do

18   not allege a substantive claim at all in the complaint.  It is therefore dismissed in its entirety.  *See*

19   *Riese v. Chase Home Fin., LLC*, No. C 11-03297 NJV, 2011 WL 4344590, at *3 (N.D. Cal. Sept.

20   13, 2011) (dismissing claims for injunctive relief and specific performance because they are

21   remedies, not separate claims).

22           The Court is concerned about plaintiffs' failure to respond to the motion in any way.  With

23   some reluctance in light of that default, the Court dismisses the complaint without prejudice.

24   Plaintiffs may file an amended complaint within 14 days of this order, should they wish to do so.

25   In the amended complaint, plaintiffs must explicitly and clearly include an independent cause of

26

27

28

United States District Court
Northern District of California

3

1  action, and facts supporting each element of the claim.  Failure to do so, especially in light of

2  plaintiffs' failure to respond to this motion, will result in the dismissal of this case.

3      **IT IS SO ORDERED.**

4  Dated: May 1, 2015

_____

JAMES DONATO
United States District Judge

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28